TRANSFER & CONSTRUCTION COMPANY INC., Plaintiff-Appellee, v. FRIEDMAN, d. b. a. ARREL FRIEDMAN TRANSFER & STORAGE, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3862. Decided November 1, 1956.

Donald Kaufman, Youngstown, for plaintiff-appellee.
Karam, Levy & Bryan, Youngstown, for defendant-appellant.

## OPINION

Per CURIAM.

Defendant, Arrel Friedman, doing business for the past several years as Arrel Friedman Transfer & Storage, appeals on questions of law and fact from a judgment of the court of common pleas permanently enjoining defendant from doing business under the name of "Arrel Friedman Transfer & Storage" and from using his name in conjunction with the words "transfer," "hauling," "cartage" and "construction," "or any synonyms of such words, provided, however, that the defendant may use his own name either alone or in combination with words other than the words, or synonyms, above specified."

The appeal was submitted to this court upon the pleadings, a transcript of the testimony taken in the court of common pleas, and argument and briefs of counsel.

Notwithstanding defendant appealed on questions of law and fact he filed assignments of error. Obviously this court will make its own finding regardless of any claimed error of the trial judge. However, for the convenience of counsel we will use such assigned grounds as a guide in reaching our conclusions.

In its petition filed in the court of common pleas plaintiff alleged its corporate existence since 1933, during which time it has been engaged in and has developed a large and profitable hauling, trucking, rigging and draying business under its corporate name in the city of Youngstown and vicinity; alleged it has acquired a valuable reputation and good will in the city of Youngstown, State of Ohio, and adjoining states, oper-

ating under a certificate issued by the Public Utilities Commission of Ohio; alleged that defendant (son of David Friedman, one of the founders of plaintiff corporation), is operating a business similar to plaintiff's business, although not operating under a certificate issued to him by the Public Utilities Commission of Ohio, and has been using the name "Friedman" in soliciting business by deliberately and intentionally representing himself as being plaintiff, and thereby has misled the plaintiff's customers into thinking they were transacting business with plaintiff, all of which constituted a fraud upon the plaintiff and injured and interfered with plaintiff's business, thus greatly reducing its profit.

By answer defendant admitted plaintiff's corporate existence and use of the name "Friedman" in his business, and denied all other allegations of plaintiff's petition.

In Brown Sheet Iron & Steel Company v. Brown Steel Tank Company et al, 107 A. L. R. 1276 at page 1278, it is said:—

"* * * Generally there can be no exclusive appropriation of a family surname so as to constitute it a valid technical trade-mark, * * *; and courts ordinarily will not enjoin all use of the name, * * *. A person is entitled to honestly use his own name in connection with any business open to him. * * * However, a name may become so identified with a certain product and thus so well known in the trade that the owner thereof will be protected in its use on the principles of unfair competition. * * * Under those circumstances a stranger with the same name cannot use his name so as to deceive the public and pass off his goods as those of the owner of the established trade name. * * *.

"Defendant's name, under the conditions as they were before the relief was granted by the lower court, because of the manner in which it was used, might have deceived the trade into thinking that its products were those of the plaintiff company. The relief granted will obviate any such possibility. * * *."

The record discloses confusion in the testimony of Bert Friedman on direct examination as follows:—

"Q. Will you tell us whether you have had any difficulty in this mixup of names whenever they—?

"Mr. Bryan: Objection, Your Honor; it calls for a conclusion.

"The Court: No, overruled; go ahead, he may answer.

"Q. —as to whether any time that you, yourself, knew of instances where customers have told you that they tried to get you and contacted other Friedmans, particularly—.

"Mr. Bryan: Objection, Your Honor.

"The Court: Overruled.

"A. Yes, we have."

We have admitted this evidence as competent.

The law accords to each of the parties the right to honestly use his own name "Friedman" in connection with his own business, even though such use results in competition one with the other, and even though one (plaintiff) has personalized such name (the family name "Friedman") in its business, as correctly held by the trial judge, and even though such right of one of the parties to use such name honestly in his business renders such inconvenience or loss to plaintiff damnum absque injuria.

See Unfair Competition and Trade-Marks by Harry D. Nims, Volume 1, Pages 191 and 192. Also see Garrett v. T. H. Garrett & Co., 78 Federal 472, 478.

"Where a personal surname becomes so identified with a business as to become practically synonymous with it, it follows if a rival uses this same name even though it is his surname, to do so cannot but create confusion." Nims on Unfair Competition and Trade-Marks, Fourth Edition, Volume 1, Page 219, Section 72.

"When the likelihood of confusion and the consequent inconveniences to the public is compared with the small hardship on ordering a defendant to eliminate the cause of it by so small a change as the reversal of the order of two names, it is difficult to see why a court should not so direct. It is difficult also to see anything in a person's right to use his name which permits its use in a confusing way, if he can so change his use of it as to eliminate the likelihood of such confusion; and such rule seems especially applicable to corporate names where the incorporators are under no obligation or necessity to use the personal name at all." Nims on Unfair Competition and Trade-Marks, Fourth Edition, Volume 1, Page 269, Section 90.

"The very fact that the organizers of a company take, as part of the name of the company, the name of one of their number who is not experienced or skilled in the particular business, but whose name is the same or nearly the same as that of some rival who has an established business, gives rise to a presumption of fraud. The presumption may be rebutted; but the fact remains that despite the laudable desire of a promoter or incorporator to make his own name a part of the company name, despite his common-law right to use his own name as he will, one who enters a court of equity with greatest claim on its aid is he who has striven to differentiate his goods and his company as much as possible from all rivals, to sell his goods on their merits, and to advertise himself and his house in as individual a manner as possible." Nims on Unfair Competition and Trade-Marks, Fourth Edition, Volume 1, Page 276, Section 91.

"* * * Ordinarily any other name would serve as well, except to deceive. In such circumstances little evidence of injury, actual or probable, is needed—the mere identity makes it practically inevitable. From this fact comes the idea that a conclusive presumption of unfairness and injury exists. * * *. Lawyers Title Insurance Co. v. Lawyers Title Insurance Corporation, 109 Federal (2nd), 35 at 43.

"* * * It is no less a dictate of justice, than of sound reason, that every person must be understood to have intended to do just what is the natural consequence of his act deliberately done." Wirtz v. Eagle Bottling Company, 50 New Jersey Equity, 164 at 168.

The normal presumption is that defendant's use of his own name was an honest one, and he cannot be enjoined from the use of his own name in the same business except "in the case of deception, artifice, fraud, contract, estoppel or an attempt to pass off his business as the business of the prior user of the name." McCoy v. McCoy, 60 Abs 253 at 255.

Accordingly, we must look to the record to determine the applicability of the foregoing rules to the evidence introduced in the case we review.

The admissible evidence discloses that plaintiff's name "Friedman" has become attached to the storage, transfer, hauling, cartage, and construction business, in the particular area in which it seeks injunction, and in the mind of the public has come to be identified and associated with its particular business; and that defendant has solicited business under confused conditions and misled plaintiff's customers into thinking and believing they were transacting business with plaintiff to plaintiff's detriment; and that prior to listing his name in the telephone directory shortly before plaintiff filed this action defendant operated his business under various names, which did not include his own name "Friedman."

We believe that "defendant's name, under the conditions as they were before the relief was granted by the trial court because of the manner in which it was used might have deceived the trade into thinking that its products were those of the plaintiff company"; and that the relief we grant will obviate any such possibility. See 107 A. L. R. 1278.

Our finding and decree is for the plaintiff enjoining the defendant from the use of his name in conjunction with the words "transfer," "hauling," "cartage," or "construction."

PHILLIPS, PJ, NICHOLS and GRIFFITH, JJ, concurs.